UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

JESUS ARANGUREN, an individual

    Plaintiff,

    v.

BITDEFENDER INC., a Florida Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, JESUS ARANGUREN (hereinafter, "ARANGUREN" or "Plaintiff"), by and through his undersigned counsels, hereby files his Complaint against Defendant, BITDEFENDER INC. (hereinafter "BITDEFENDER" or "Defendant"), a Florida corporation, and says:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and the jurisdiction of this Court is invoked pursuant to the provisions of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et. seq.*, and Florida common law.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Fort Lauderdale, Florida.

## PARTIES

5. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is in a class protected under the FMLA in that he was employed for at least 12 months and worked at least 1,250 hours prior to the commencement of his FMLA leave starting in May 2024.

7. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Fort Lauderdale, Florida, and is authorized to do business in Florida. Specifically, Plaintiff worked in Fort Lauderdale, Florida and all actions complained of herein took place at that location and within the Southern District of Florida.

8. At all times relevant hereto, DELRAY was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year during the relevant time period.

## GENERAL ALLEGATIONS

9. Plaintiff was hired by Defendant as an Inside Sales on or about December 2018 and was promoted to Senior Inside Sales on or about 2021.

10. Plaintiff was terminated on September 13, 2024.

11. On or about May 2024, Plaintiff suffered from neck pain.

12. As the pain got progressively worse, Plaintiff informed his direct supervisor, Brian Lannan, and HR of his condition on or about June 2024.

13. HR requested Plaintiff to keep them updated on his condition, to which Plaintiff complied.

14. Plaintiff was later diagnosed with Cervical Radiculopathy. The condition makes him suffer intense pain in his neck, his left arm is numb, and he cannot move his neck freely.

15. After his diagnosis, Plaintiff immediately informed Defendant of his illness.

16. Plaintiff needed to have surgery for his condition and would need recovery time, and Defendant was aware of this fact.

17. Defendant, however, did not inform Plaintiff of his FMLA rights.

18. Defendant interfered with Plaintiff's FMLA rights by unreasonably failing to inform him of such rights when he was eligible for FMLA leaves.

## Unpaid Wages

19. By the time of his termination, Plaintiff had generated more than $300,000.00 in committed sales for Defendant.

20. Pursuant to Plaintiff's commission plan, he should have received the commission for the committed sales he generated.

21. Plaintiff reasonably calculated that Defendant owes him $20,000.00 in commission.

22. Furthermore, Plaintiff had accrued approximately 60 hours of paid vacation.

23. To date, Plaintiff was not compensated for that amount.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorney's fees and costs if he is the prevailing party in this action.

## COUNT I: VIOLATION OF THE FMLA (INTERFERENCE)

26. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1 – 18; 24-25 above as fully set forth herein.

27. Plaintiff was eligible for FMLA leave due to his serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

28. Plaintiff suffered from neck pain on or about May 2024.

29. Plaintiff was later diagnosed with Cervical Radiculopathy on or about September 2024.

30. Plaintiff had been keeping Defendant updated on his condition as Defendant requested.

31. Defendant was fully aware that Plaintiff suffered from Cervical Radiculopathy and would need time for surgery and recovery.

32. However, Defendant failed to inform Plaintiff of his FMLA rights.

33. Under the FMLA, 29 U.S.C §2617; 29 C.F.R. §825.300(b), (c), Defendant is required to inform Plaintiff of his FMLA rights.

34. Defendant interfered with Plaintiff's FMLA rights by unreasonably failing to inform him of such rights when he was eligible for FMLA.

35. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to his loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

36. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

37. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from Defendant.

38. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff JESUS ARANGUREN requests judgment for:

   a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e. Such other relief as the Court deems just and proper.

## COUNT II – UNPAID WAGES

39. Plaintiff re-alleges and re-avers paragraphs 1-10; 13-25 as fully set forth herein.

40. Pursuant to Plaintiff's employment agreement with Defendant, Plaintiff would receive commissions on deals and sales he generated.

41. At the time of his termination on September 13, 2024, Plaintiff had generated approximately $300,000.00 in committed sales for Defendant.

42. Plaintiff reasonably calculated that he would receive $20,000.00 in commission based on the sales he made.

43. Plaintiff also accrued approximately sixty (60) hours of paid vacation by the time of his termination.

44. To date, Defendant failed to pay Plaintiff both his commission and vacation.

WHEREFORE, Plaintiff JESUS ARANGUREN requests judgment as follows:

    a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

    d. Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JESUS ARANGUREN demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 23, 2024.

                                                      LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
550 South Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By: /s/ Charles M. Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
NHU CAO, Esq.
Fla. Bar #1050344
nhu@icelawfirm.com