UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61981-LEIBOWITZ/AUGUSTIN-BIRCH

JESUS ARANGUREN,

   *Plaintiff,*

v.

BITDEFENDER INC.,

   *Defendant.*
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Partial Summary Judgment (the "Motion") [ECF No. 7], filed on February 18, 2025. Plaintiff filed its response to the Motion as a Motion to Stay Ruling on Defendant's Motion for Summary Judgment and to Permit Discovery (the "Response") [ECF No. 10]. Defendant filed a reply in support of its Motion. [ECF No. 15]. The Court has carefully considered the briefing and is otherwise fully advised.

Defendant moved for summary judgment before the parties' Joint Scheduling Report was due and discovery was yet to begin. In his Response, Plaintiff asks the Court to deny Defendant's Motion as premature and allow Plaintiff to conduct sufficient discovery. [ECF No. 10 ¶ 16]. Plaintiff argues discovery is needed to determine the adequacy of the payments he received and to calculate the exact amount of commission he was still owed as his access to Defendant's system was terminated the day he was terminated by Defendant. [*Id.* ¶¶ 9, 13, 14]. The Court agrees with Plaintiff.

While Rule 56(b) of the Federal Rules of Civil Procedure allows a party to move for summary judgment "at any time until 30 days after the close of all discovery," in general, "[s]ummary judgment should not … ordinarily be granted before discovery has been completed." *See Alabama Farm Bureau*

*Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979);[1] *Snook v. Tr. Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) (holding it was error for the trial court to consider defendant's motion for summary judgment where the plaintiff "had been afforded no opportunity for discovery"); *S. Fla. Tea Party, Inc. v. Tea Party*, 2010 WL 11610220, at *2 (S.D. Fla. May 12, 2010) (denying without prejudice defendants' motion for summary judgment to allow plaintiffs a sufficient opportunity to conduct discovery); *Metro. Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1336–37, and n.3 (Fed. Cir. 2008) (noting that it is "the prevailing rule in all circuits" that "the parties must be afforded adequate time for general discovery before being required to respond to a motion for summary judgment").

Rule 56(d) of the Federal Rules of Civil Procedure provides:

If a nonmovant shows by affidavit or declaration[2] that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  It is clear that Plaintiff cannot make a substantive response to the Motion

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] While Rule 56(d) specifically calls for an affidavit or declaration, "a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) [the form Rule 56(d)] in order to invoke the protection of that Rule."  *Allen v. U.S. EEOC Off.*, 366 F. App'x 971, 974 (11th Cir. 2010) (quoting *Snook*, 859 F.2d at 871).  Instead, "written representation by [the nonmovant's] lawyer, an officer of the court, is in the spirit of Rule 56(f) [the former Rule 56(d).]"  *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir. 1973).

without some discovery.    Postponement of a ruling on the Motion will enable Plaintiff, by discovery or other means, to rebut Defendant's claimed showing of the absence of a genuine issue of material fact.  *Wingster v. Head*, 318 F. App'x 809, 813–14 (11th Cir. 2009).

Accordingly, for good cause shown, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 7**] is **DENIED WITHOUT PREJUDICE** to refile the motion once Plaintiff has had a sufficient opportunity to conduct discovery.

**DONE AND ORDERED** in the Southern District of Florida on March 31, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record